896 F.2d 553
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert BLASINGAME and Donald Lemker, Plaintiffs-Appellants,
v.
Merwin GRAYSON and Huntington Bancshares of Kentucky, Inc.,
Defendants-Appellees.
 No. 89-5574.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1990.
 
 Before KENNEDY and BOGGS, Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Appellants Blasingame and Lemker, former shareholders of First National Bank of Ludlow (Ludlow), appeal from the District Court's judgment for defendants in this consolidated action alleging insider trading in Ludlow stock in violation of the 1934 Securities & Exchange Commission Act Sec. 10(b)(5). Appellants also allege a second cause of action under 18 U.S.C. Sec. 1961, et seq., the Racketeer Influenced and Corrupt Organizations Act (RICO). The District Court, following a non-jury trial, found no violations had in fact occurred. Since we are not persuaded that the court's factual findings are clearly erroneous, we must AFFIRM.
 
 
 2
 Appellant Blasingame also appeals from the dismissal of his pendent state claim for wrongful discharge. We find no error in the District Court's application of Kentucky employment law and AFFIRM this dismissal as well.
 
 
 3
 In 1985, Ludlow merged with the Commonwealth Trust Bank Corporation (Commonwealth). Appellants were both shareholders in Ludlow. The controlling interest shareholders of Ludlow were paid $200 a share for their shares. Blasingame, although he worked for Ludlow, was not in that group. Other shareholders were offered only $125. However, Grayson, an officer of Commonwealth, wished Blasingame to continue to work for the merged bank. He agreed in February of 1984 to buy Blasingame's shares for $200--or the price at the time the merger was completed if that were greater. This proved to be $217. Payment for the shares was postponed until a reasonable time after the merger became effective on June 30, 1985. Blasingame's stock was transferred to Grayson on August 12, 1985. Lemker also wished to sell his small amount of stock. He was going to sell his shares for the $125 offered in connection with the merger when he was advised by his accountant that Grayson would pay $217. On August 13, Lemker transferred his 60 shares to Grayson at $217 a share or a total of $13,020.
 
 
 4
 On August 29, 1985, Commonwealth and Huntington Bancshares of Kentucky, Inc. (Huntington) signed a letter of intent to merge through the exchange of one share of Commonwealth for five shares of Huntington. Huntington's stock was traded on a national stock exchange. Based on the price of Huntington's stock, plaintiffs' stock would be worth several times what Grayson paid.
 
 
 5
 Grayson, as well as all of the Commonwealth and Huntington participants in the merger talks and agreements, denied that any conversation about a merger occurred until a meeting in Columbus, Ohio, on August 22, 1985. They denied any discussion of any merger at an earlier meeting between officers of both banks on August 14, 1985. The District Court found this testimony to be credible. The District Court held that Grayson was not required to disclose that the officers of Commonwealth had a luncheon with the officers of Huntington on August 14. It found that a reasonable investor would not consider such a remote, contingent, and speculative matter as the luncheon to be material. Basic, Inc. v. Levinson, 485 U.S. 224 (1988). Grayson is not liable unless he failed to disclose material information. The District Court found there was none to disclose. We have carefully examined the record and can find no basis for concluding the District Court's findings to be clearly erroneous.
 
 
 6
 Appellants discuss a number of other errors. We need not consider them since they become relevant only if there were material information of which Grayson was aware before August 13.
 
 
 7
 The RICO count and the claim of common law fraud also both depend on Grayson's failure to disclose material information. We find no error in their dismissal. Nor do we find any error in the dismissal of Blasingame's claim for wrongful discharge. Grzyb v. Evans, 700 S.W.2d 399 (1985). Blasingame could point to no employment policy evidenced by a constitutional or statutory provision which Commonwealth violated on firing him. Moreover, the same statute he points to as providing a policy provides a statutory remedy. This alone excludes him from benefitting from the exceptions of the employment-at-will doctrine in Kentucky.
 
 
 8
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation